## Commonwealth to use, etc., *v.* Marsh et al.   Cooper's Appeal.

*Surety—Subrogation.*

Where one of a guardian's two sureties has money of the ward in his hands loaned him by the guardian and held for the protection of himself and his co-surety, and refuses to apply the same toward the payment of a judgment obtained on the guardian's bond, his co-surety, upon payment of one half of the judgment, is entitled to subrogation as against him to the amount of one half of the fund in his hands.

Argued April 25, 1892.   Appeal, No. 201, July T., 1891, by Ezra Cooper, from decree of C. P. Erie Co., in the case of Com. of Pa. to the use of George S. Stanford v. A. T. Marsh, Ezra Cooper and Wm. Marsh, May T., 1889, No. 113.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Petition for subrogation.

On February 5, 1890, Wm. Marsh, one of the defendants in the above mentioned judgment, filed a petition for an order to subrogate him to the rights of the plaintiff so as to permit him to collect from Ezra Cooper the sum of $3,001.22, with interest from February 5, 1890.   Ezra Cooper having filed an answer, the case was referred to a master and examiner, E. P. Gould, from whose report the following facts appeared: A. T. Marsh was the guardian of George S. Stanford, and Ezra Cooper and Wm. Marsh were his sureties, and the above judgment was entered on their bond, the amount being liquidated at $8,329.30, with interest from July 10, 1889, and costs of suit.   Ezra Cooper and Wm. Marsh, the sureties, each paid one half of said judgment, less $40 paid by A. T. Marsh.   At the time this judgment was paid, Ezra Cooper had in his hands $5,004.83 belonging to the guardian of the plaintiff and held by said Cooper for the mutual protection of himself and Wm. Marsh, his co-surety; and this money not having been so applied, Wm. Marsh was compelled to pay out of his own pocket $4,295.83.   The master reported that Wm. Marsh was entitled to subrogation to the right of the plaintiff in the judgment against Ezra Cooper to the amount of $2,502.41, with interest from February 5, 1890.

Exceptions filed to the report of the master were dismissed

by the court below, a decree entered in accordance with the report, and Cooper ordered to pay the costs of the proceeding.'

*S. M. Brainerd*, for appellant.

*E. L. Whittelsey*, for appellee.

PER CURIAM, May 23, 1892:

This was a question of subrogation. The printed evidence occupies over 200 pages, and there are 23 specifications of error. A careful and somwhat painful examination of the case fails to show that the discretion of the court below was not properly exercised.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.